UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61805-CIV-COHN/SELTZER

RANDY NATOUR and RICKY SAKHLEH,

    Plaintiffs,

vs.

BAHLAWAN, TAREK d/b/a SISTRUNK MEAT MARKETS and TAREK BAHLAWAN,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' *PRO SE* MOTION FOR MISCELLANEOUS RELIEF**

**THIS CAUSE** is before the Court upon Plaintiffs' *pro se* "Motion That Defendant (Tarek Bahlawan) didn't pay our FICA Taxes and didn't provide over W-2's for both defendants for 2019 + 2020" [DE 20] ("Motion").  The Court has considered the Motion, Defendants' Response [DE 21][1], and the record in this case, and is otherwise advised in the premises.  Upon careful consideration, the Court will deny the Motion for lack of jurisdiction.

In this FLSA case, the parties reached a settlement and the Court approved same in December of 2018.  DE 18.  In the Court's Order Approving FLSA Settlement and Dismissing Action with Prejudice, the Court did not retain jurisdiction to enforce the Settlement Agreement.  Id.  In their *pro se* Motion,[2] Plaintiffs assert that Defendant "did not fulfill his obligations under the agreement by not paying our FICA taxes into the pension fund."  DE 20 at 1.  The Court lacks jurisdiction to resolve whether this alleged conduct violated the Settlement Agreement.  See Anago Franchising, Inc. v. Shaz, LLC,

---

[1] Plaintiffs have failed to file a Reply and the deadline for them to do so has passed.
[2] The Court notes that Plaintiffs are represented by counsel who has not withdrawn.

677 F.3d 1272, 1280 (11th Cir. 2012) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)) ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."). It is thereupon

**ORDERED AND ADJUDGED** that Plaintiffs' *pro se* "Motion That Defendant (Tarek Bahlawan) didn't pay our FICA Taxes and didn't provide over W-2's for both defendants for 2019 + 2020" [DE 20] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of August, 2020.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
pro se parties via U.S. mail to address on file